IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                 No. 2:19-CR-1178 WJ

GORDON TY CHICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE**

THIS MATTER IS BEFORE THE COURT on Defendant Gordon Chico's Motion to Modify Sentence (**Doc. 36**). The Court, having reviewed Defendant's motion and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

In January 2020, Defendant pleaded guilty to assault of an intimate partner resulting in substantial bodily injury and was sentenced to 12 months and one day imprisonment. (Doc. 34). Defendant now seeks to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues that he needs to take immune suppressants for a health condition, but is unable to do so because it would make him "unreasonably susceptible to severe symptoms of COVID-19." (Doc. 36 at 1).

## DISCUSSION

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for

certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[1] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.[2]

Here, Defendant has not made the requisite showing of administrative exhaustion. Rather, Defendant has shown only that he submitted a request to his institution's warden and that his

---

[1] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Many other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).

[2] Again, district courts are split on their interpretations of this provision. Some have concluded that the 30-day language in § 3582(c)(1)(A) is meant to serve as an either/or with respect to exhaustion of administrative remedies; in other words, those courts have held that as long as 30 days have lapsed since the warden's receipt of the request, a defendant may file a motion with the court, regardless of whether he has appealed the warden's timely decision. *See United States v. Whalen*, No. 1:11-CR-00033-JAW, 2020 WL 3802714, at *5, n. 2 (D. Me. July 7, 2020) (analyzing this split and comparing district court cases). However, in the absence of controlling authority from the Tenth Circuit, this Court joins "those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court." *See United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2–3 (D. Me. June 19, 2020).

request was denied. But the language of § 3582(c)(1)(A) plainly contemplates an appeal. *See* § 3582(c)(1)(A); 28 C.F.R. § 571.63 (explaining that how an inmate may appeal a warden's denial and that only denial by the General Counsel or the Director of the Bureau of Prisons constitutes a final administrative decision). Here, there is no evidence that Defendant ever appealed his warden's denial. As the Tenth Circuit explained in a very recent unpublished opinion, the filing of a request with a warden only "initiate[s]" the administrative remedies process. *See United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020). Thus, while Defendant's Exhibit A (Doc. 36-1) may show that he *initiated* his administrative remedies, he has not shown that he *exhausted* those remedies.

Because it appears that the warden timely addressed Defendant's request within the 30 days allowed by § 3582(c)(1)(A), Defendant cannot file for relief directly with this Court. *See, e.g., United States v. Blevins*, 2020 WL 3260098, *3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted)). Having received a denial from the warden, Defendant must appeal the warden's decision through the BOP administrative remedy process in order to fully exhaust. *See, e.g., id., United States v. Delco*, No. CR 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020); *United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *4 (M.D. Pa. June 23, 2020); *United States v. Smith*, No. 4:15-CR-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020); *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1–2 (E.D. Ky. Mar. 27, 2020).

Additionally, this Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that

'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)). Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release. Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

Finally, as to Defendant's request for home confinement, this Court has no authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to this type of custody. It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home. *See McKune v. Lile*, 536 U.S. 24, 39 (2002). BOP retains complete discretion to determine where federal prisoners are housed. *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (*citing Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished)).

Defendant cites 18 U.S.C. § 3624(c)(2), which authorizes BOP to place certain prisoners in home confinement. But the unambiguous language in § 3624(c)(2), as modified by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), specifies that BOP—and only BOP—is statutorily authorized to release prisoners to home confinement. *See United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020). Defendant's request would alter only where he is incarcerated, not his term of incarceration. Accordingly, because the Court lacks authority to designate the place of a prisoner's incarceration, the Court must deny Defendant's request for release to home confinement.

## CONCLUSION

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population. However, for all the foregoing reasons, Defendant's Motion for Compassionate Release (**Doc. 36**) is **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE